IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EUGENIA SONG**, <br><br> Plaintiff, <br><br> v. <br><br> **MORGAN STANLEY AND CO., LLC**, <br><br> Defendant. | Case No. 3:24-cv-776-YY <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on May 16, 2024. Judge You recommended that this Court *sua sponte* dismiss Plaintiff's complaint with prejudice before service of process for failure to state a claim and as factually frivolous. Judge You further recommends that the Court admonish Plaintiff, who has filed many cases in this District based on the same underlying facts, that filing further cases of a similar nature may result in a finding that Plaintiff is a vexatious litigant.

Under the Federal Magistrates Act (Act), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

Plaintiff did not file an objection. This Court thus follows the recommendation of the Advisory Committee and reviews Judge You's Findings and Recommendation for clear error on the face of the record.[1]

The Court ADOPTS Judge You's Findings and Recommendation, ECF 5, and DISMISSES Plaintiff's complaint, ECF 1, with prejudice. The Court, however, declines to make any finding or admonition relating to Plaintiff's potential status as vexatious litigant, particularly given that Plaintiff did not receive a copy of the Findings and Recommendation and did not have the opportunity to respond to that recommendation. The Court further finds that any appeal from

---

[1] Under Local Rule 83-10(a), unrepresented parties must notify the Court of their current mailing address. All of the items docketed by the Court that have been mailed to Plaintiff, however, have been returned as undeliverable, including Judge You's Findings and Recommendation. *See* ECF 11, 13, 14, 15. Thus, it does not appear that Plaintiff received a copy of the Findings and Recommendation on which to object, due to Plaintiff's failure to provide the Court with an accurate mailing address. The Court notes, however, that reviewing this case *de novo* would not change the Court's decision regarding dismissing Plaintiff's complaint.

this Order would be frivolous and thus would not be taken in "good faith" as that term is used in 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, Plaintiff's *in forma pauperis* status should be revoked.[2]

**IT IS SO ORDERED.**

DATED this 20th day of June, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[2] The Court notes that Plaintiff's *in forma pauperis* application was granted on May 16, 2024. Plaintiff's application in this case, however, is blank other than her signature and indication that she is not currently employed. It does not contain sufficient financial data on which to ascertain her eligibility. Plaintiff, however, has completed *in forma pauperis* applications in other cases in this District, including an application in Case No. 3:24-cv-698-SB, filed on April 24, 2024 (ECF 3 in that case). That application contains sufficient financial information to determine Plaintiff's eligibility. The Court accepts the timely representations from that application for the approval of Plaintiff's *in forma pauperis* status in this case.

PAGE 3 – ORDER